29 F.3d 619
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee
v.
Samson O. AGBOSASA, Defendant, Appellant
 No. 92-1747
 UNITED STATES COURT OF APPEALS
FIRST CIRCUIT
 February 11, 1994
 
 Appeal from the United States District Court for the District of Rhode Island
 Francis R. Williams on brief for appellant.
 Edwin J. Gale, United States Attorney, and Charles A. Tamuleviz, Assistant United States Attorney, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 The defendant, in the course of being arrested and booked in connection with fraudulent income tax claims, was asked routine booking question including his social security number. He gave a false one and, despite his effort to suppress the statement, was charged and convicted of deceptively misrepresenting his social security number.
 
 
 2
 We find no merit in defendant's argument that asking defendant his social security number "related directly to an element of the crime the agents had reason to suspect" and therefore was "designed to elicit incriminatory admissions" within the meaning of Pennsylvania v. Muniz, 496 U.S. 582, 602 n. 14 (1990). When defendant was arrested at the post office, he was suspected of involvement in the submission of false tax refund claims in the names of Micheal M. Lerner and Jose A. Silva in violation of 18 U.S.C. Sec. 287. So far as appears, however, defendant did not represent himself to be Lerner or Silva or to have their social security numbers. Instead, after being advised of his Miranda rights, defendant denied the post office box to which the decoy refund checks had been sent was his, claimed the box belonged to a friend, and said he did not know anything about the refund checks. Consequently, by the time the IRS agent and deputy marshal asked defendant his social security number, they would not have reasonably expected that question, or its answer, to implicate defendant in the offenses then under investigation (the filing of false income tax claims). In fact, the answer defendant gave did not implicate defendant in the filing false income tax claims charges. Instead, defendant committed a completely separate offense-giving a false social security number with intent to deceive, 42 U.S.C. Sec. 408(g)(2)(1988).
 
 
 3
 Nor was asking defendant his social security number designed to goad defendant into violating 42 U.S.C. Sec. 408(g)(2)(1988). There is no evidence the IRS agent or deputy marshal knew defendant was an illegal alien, 20 C.F.R. Sec. 422.104 (indicating that certain legal aliens may obtain a social security number), and, in any event, had defendant answered the question truthfully, he would have neither implicated himself in the offenses then under investigation (filing false refund claims) nor violated 42 U.S.C. Sec. 408(g)(2)(1988).
 
 
 4
 Finding no merit in defendant's argument, we summarily affirm the judgment below. Loc. R. 27.1.